UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ST. JOSEPH COUNTY, INDIANA, by and through its BOARD OF COMMISSIONERS,<br><br>Plaintiff,<br><br>v.<br><br>LPS REAL ESTATE DATA SOLUTIONS INC.<br><br>Defendant. | No. 3:13-CV-397-JD-CAN |

**OPINION AND ORDER**

Now before the Court is Defendant LPS Real Estate Data Solutions Inc.'s Motion for Judgment on the Pleadings [DE 12, 13] filed on July 5, 2013. Plaintiff St. Joseph County, Indiana, by and through its Board of Commissioners, filed a response to the motion [DE 18] on July 18, 2013, and Defendant replied [DE 22] on August 1, 2013. Defendant has also moved for a hearing on the motion [DE 23]. For the following reasons, Defendant's motions are **DENIED**.

**I. FACTUAL BACKGROUND**

The St. Joseph County Recorder ("Recorder") is responsible for recording various instruments such as mortgages, deeds, plats, real estate contracts, liens, etc. [DE 30 ¶ 5]. As a public agency, the Recorder has a statutory obligation to allow the public to inspect and copy its public records. Ind. Code § 5-14-3-3(a). A county recorder may fulfill this obligation in three ways: (1) providing copies of the requested records; (2) allowing the requester to make copies either on the agency's equipment or the requester's own equipment; or (3) providing "enhanced access," by which a person may inspect and copy records remotely through a computer gateway.

Ind. Code § 5-14-3-3(b), (c). A recorder must collect statutorily-prescribed fees for furnishing certain copies. [DE 29 ¶ 6].

Pursuant to its authority under the "enhanced access" provisions, the Recorder provides an internet gateway through which third parties can access its records remotely. [DE 29 ¶ 7]. The Recorder provides this service through a system called Laredo, a third party real estate database owned by Fidlar Technologies, Inc. [DE 29 ¶ 7]. On November 24, 2011, Defendant LPS Real Estate Data Solutions Inc. ("LPS") entered into an Agreement with the Recorder, whereby they agreed to pay a monthly access fee in order to access and abstract documents from the Recorder's databases. [DE 30 ¶¶ 8, 9 and DE 29-1]. The Agreement is attached to the complaint as an exhibit. [DE 29-1]. Under the Agreement, LPS paid a $500 monthly fee for unlimited access to the Laredo system. [DE 30 ¶¶ 8, 9 and DE 29-1]. The Agreement also contained a clause stating that "[c]opies of documents made from the Laredo system shall be charged $1.00 per page as per statute." [DE 29-1 ¶ 8A].

St. Joseph County alleges that in March 2013, it discovered that LPS downloaded 42,606 documents or 191,924 pages from the Laredo system without paying for the copies. [DE 29 ¶ 10]. Though LPS had presumably paid its monthly access fees as called for in the Agreement, St. Joseph County alleges that LPS breached the Agreement by failing to pay an additional $1.00 per page copy fee for documents it downloaded from the Laredo system. [DE 29 ¶ 11]. St. Joseph County accordingly initiated this action on May 13, 2013 by filing a complaint against LPS Real Estate Data Solutions, Inc., and LPS Applied Analytics LLC. [DE 1].

Both defendants filed their answers to the complaint and simultaneously moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), based purely on the allegations in the complaint. Upon confirming that LPS Real Estate Data Solutions, Inc. was the

2

proper defendant in this action, St. Joseph County moved to amend its complaint so as to drop LPS Applied Analytics LLC as a defendant. This Court granted the motion to amend, but took the previous motion for judgment on the pleadings under advisement, as the amended complaint was identical with respect to LPS Real Estate Data Solutions, Inc. [DE 25].

## II. STANDARD OF REVIEW

A Rule 12(c) motion for judgment on the pleadings permits a party to move for judgment after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Therefore, the court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the non-moving party, *Matrix IV, Inc. v. Am. Nat.'l Bank and Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011), but to survive the motion, the complaint must contain enough facts to state a claim for relief that is plausible on its face. *Brooks v. Ross*, 578 F.3d 574, 580–81 (7th Cir. 2009) (relying on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *see McCauley v. City of Chi.*, 671 F.3d 611, 615 (7th Cir. 2011) (explaining that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court need not accept as true legal conclusions or threadbare recitals of the elements of a cause of action supported by mere conclusory statements. *Id*. at 616.

Additionally, Rule 10(c) describes the type of materials that can be considered to be part of a pleading:

> A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

Fed. R. Civ. P. 10(c). This means that a court can consider for purposes of a Rule 12(c) motion, documents that are referred to in the pleadings and are central to the plaintiff's claims. *Wright v. Assoc. Ins. Cos. Inc*., 29 F.3d 1244, 1248 (7th Cir. 1994); *see Carroll v. Yates*, 362 F.3d 984, 986 (7th Cir. 2004) (dismissal on the basis of facts in a written instrument attached as an exhibit to a pleading is proper only if the plaintiff relies upon it to form the basis of his claim or part of a claim). Further, when the complaint itself contains everything needed to show that the defendant must prevail on an affirmative defense, then the court can resolve the suit on the pleadings under Rule 12(c). *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011) (citing *Brooks,* 578 F.3d at 579) (ruling on a motion to dismiss which raised the affirmative defense based on the statute of limitations where the relevant dates were unambiguously set forth in the complaint)); *see Thompson v. Ill. Dept. of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) (where a plaintiff attaches documents and relies upon the documents to form the basis for a claim, dismissal is appropriate if the document negates the claim).

### III. DISCUSSION

LPS has moved for judgment on the pleadings on the narrow ground that the Recorder "was not authorized by law" to charge the fees it now seeks to recover. [DE 13 p. 1]. LPS argues that Indiana law does not permit the Recorder to charge the fees at issue, and that because the contract incorporates Indiana law by reference, such fees would be contrary to the terms of the contract. LPS further argues that the contract is void as *ultra vires* to the extent it imposes fees beyond the scope of the Recorder's authority. LPS' motion does not address the related but distinct question of whether the contract in fact required LPS to pay such fees, but only whether the Recorder would have had the authority to do so.[1] In opposition to LPS' motion and in support

---

[1] There appears to be some question as to whether the contract contemplates that the $1 per page charge would even apply to copies that LPS itself makes through the Laredo system, as opposed to copies that the Recorder produces

4

of its authority to charge the fees at issue, St. Joseph County cites the statute governing enhanced access to public records, and also relies on Indiana's Home Rule Act as a source of residual authority. For the reasons that follow, the Court concludes that the Recorder's authority to charge the fees at issue depends on factual questions that cannot properly be resolved at the pleading stage. While it may ultimately be that the Recorder is without the authority to seek the fees at issue, the Court cannot make that determination without a factual basis as to the reasonableness of the fees. Therefore, LPS' motion for judgment on the pleadings must be denied.

The parties' dispute centers around the extent of the Recorder's authority to charge fees relating to its provision of enhanced access to its public records. "As an additional means of inspecting and copying public records," Indiana law authorizes any local public agency to "provide enhanced access to public records maintained by the public agency." Ind. Code § 5-14-3-3.6(b). Enhanced access is defined as the "inspection" of a public record by anyone other than the governmental entity and that "(1) is by means of an electronic device other than an electronic device provided by a public agency in the office of the public agency; or (2) requires the compilation or creation of a list or report that does not result in the permanent electronic storage of the information." *Id.* § 5-14-3-2(f). The public agency may fulfill its duty of enhanced public access by "enter[ing] into a contract with a third party under which the public agency provides enhanced access to the person through the third party's computer gateway or otherwise . . . ." *Id.* § 5-14-3-3.6(c)(2). If the agency contracts with a third party to provide the enhanced access, it may charge the individual receiving access a "reasonable fee to either the third party to a contract or to the public agency, or both." *Id.* § 5-14-3-3.6(e). The statute does not specifically define "reasonable."

---

and provides to LPS. Because the parties' briefs only referenced this issue in passing, though, the Court expresses no opinion as to that question at this time.

The Agreement here clearly falls within the provisions governing enhanced access, which is provided as a means of "inspecting and copying public records," as the Agreement permitted LPS to access the Recorder's records through the Laredo system. *Id.* § 5-14-3-3.6(b). Enhanced access is the "inspection" of a public record, which in the case of electronically stored data, includes the right to "duplicate the data onto a disk, tape, drum, or any other medium of electronic storage." *Id.* § 5-14-3-2(f), (h). That is precisely what LPS did here by allegedly downloading the records, so the question is whether the statute authorizes the Recorder to charge the total fees it now seeks for those activities. A public agency that provides enhanced access to its records "may require the payment of a *reasonable fee*." *Id.* § 5-14-3-3.6(e) (emphasis added). Here, the Recorder qualifies as a "public agency." *See id.* at § 5-14-3-2(n)(2)(A). The Court is aware of no reported case law addressing what constitutes a reasonable fee in the context of enhanced access.

However, based on a common understanding of the term "reasonable," and by analogy to prescribed copy fees in similar contexts, the Court concludes that reasonable must be determined, at least in part, based on the cost to the public agency of providing the services rendered. For example, state agencies may charge a "uniform copying fee" set by the state, which may not exceed "the average cost of copying records by state agencies or ten cents ($0.10) per page, *whichever is greater*." *Id.* § 5-14-3-8(c) (emphasis added). Similarly, public agencies may charge a fee for copying documents of "the greater of" ten cents per page or "the actual cost to the agency of copying the document." *Id.* § 5-14-3-8(d).[2] Where the records in question are in

---

[2] In an advisory opinion, the Indiana Public Access Counselor relied on this provision to interpret the meaning of "reasonable fee" in the context of what a police department may charge to provide hard copies of case reports. *Formal Complaint 08-FC-40; Alleged Violation of the Access to Public Records Act by the Muncie Police Department*, Indiana Public Access Counselor (Feb. 18, 2008), *available at* http://www.in.gov/pac/advisory/files/08-FC-40.pdf. The opinion stated:

6

electronic form, a public agency may charge a fee of "the agency's direct cost of supplying the information in that form," or in the case of a legislative services agency, "a reasonable percentage of the agency's direct cost of maintaining the system in which the information is stored." *Id.* § 5-14-3-8(g).

Furthermore, for enhanced access programs administered by the state as opposed to third party vendors, the Indiana Office of Technology is directed to "establish reasonable fees for enhanced access to public records and other electronic records, so that the revenues generated are sufficient to develop, maintain, operate, and expand services that make public records available electronically." *Id.* § 4-13.1-2-4. In addition, public agencies must deposit fees collected for providing enhanced access into a dedicated fund whose purpose is "(1) [t]he replacement, improvement, and expansion of capital expenditures," and "(2) [t]he reimbursement of operating expenses incurred in providing enhanced access to public information." *Id.* § 5-14-3-8.3. These provisions indicate that a fee may be reasonable even where it exceeds an agency's marginal cost in providing the services. Further, the reasonableness inquiry could also be informed by the amount a party is willing to pay for such services. *See id.* § 5-14-3-8(h) (stating that a "public agency may charge any reasonable fee *agreed on in the contract*" for providing enhanced access (emphasis added)). Thus, the mere fact that a party agreed to pay certain fees in a contract at issue could influence the reasonableness of those fees.

Based on these considerations, the Court simply cannot conclude at the pleading stage, without any factual development, whether the fees the Recorder seeks to collect would be

---

> Because I.C. § 10-13-2-31(a) does not provide guidance as to what is a reasonable fee for a copy of a case report, we must rely on the fee language provided in the APRA. As such, it is my opinion the fiscal body of the Department, or the City of Muncie, may enact an ordinance fixing the fee for copies of case reports at *no more than ten cents per page or the actual cost to the agency*, pursuant to I.C. § 5-14-3-8(d).

*Id.* (emphasis added).

reasonable. Reasonableness is by its nature a fact-intensive inquiry, and without any information as to the actual cost to the Recorder of providing the services at issue or the prices it charges other consumers for those same services, and without any case law interpreting the boundaries of reasonableness in this context, judgment on the pleadings is not warranted on this basis.

LPS argues that because a public agency is only permitted to charge "*a* reasonable fee," *id.* § 5-14-3-3.6(e), the Recorder cannot charge both an access fee and a copy fee. This argument is misplaced, however. There is nothing in the statute that suggests an enhanced access fee must be based entirely on either the amount of time a party utilizes its enhanced access or the amount of pages it downloads. To the contrary, such a hybrid or bifurcated billing scheme may more closely track the costs to the agencies of providing the respective services. Further, there is no indication that the monthly access fee LPS paid was meant to encompass the entirety of the reasonable fee the Recorder is permitted to collect. Perhaps the monthly access fee only covers a nominal portion of the Recorder's costs, and it recovers the remainder through the per-page copy fees.

LPS also argues that it qualifies as a "bulk user," which would implicate a statutory cap on the amount of fees the Recorder could charge. However, the bulk user provisions are expressly inapplicable to enhanced access under Indiana Code § 5-14-3-3, which both parties agree governs this dispute. *Id.* § 36-2-7-10.1(m). Further, it is not apparent from the pleadings either that LPS is a bulk user or that the fees would surpass what the statutes authorize. A bulk user is defined as someone who purchases "a copy of *all* recorded documents received by the county recorder" over a specified period. *Id.* § 36-2-7-10.1(a), (b) (emphasis added). However, the complaint does not indicate whether LPS downloaded all of the Recorder's records. To the contrary, the Agreement indicates that LPS would be "abstracting *selected* data elements." [DE

29-1 (emphasis added)]. Further, the Recorder is authorized to charge bulk users the greater of seven cents a page or its actual cost. *Id.* § 36-2-7-10.1(h). Since there is no indication what the Recorder's actual cost was for the copies at issue, the Court cannot conclude that the charges are unauthorized.

St. Joseph County invokes several other sources for the Recorder's authority to collect the fees at issue, but neither properly applies. It suggests that the statute governing the fees a county recorder must charge requires the Recorder to charge $1 for each of the copies at issue. The specific provision requires a recorder to charge: "[o]ne dollar ($1) per page not larger than eight and one-half (8 1/2) inches by fourteen (14) inches for furnishing copies of records and two dollars ($2) per page that is larger than eight and one-half (8 1/2) inches by fourteen (14) inches." *Id.* § 36-2-7-10(b)(5). However, by referencing page sizes, this provision plainly applies to paper copies of records that the Recorder "furnish[es]," not to the electronic copies at issue here, so this provision does not independently justify the fees in question.

St. Joseph County further cites the Indiana Home Rule Act as a source of its authority, but that is inapplicable as well. Indiana's Home Rule Act expressly defines the powers of local units of government. Under the Act, a "unit has: (1) all powers granted it by statute; and (2) all other powers necessary or desirable in the conduct of its affairs, even though not granted by statute." *Id.* § 36-1-3-4(b). Omission of a power does not imply that the unit lacks that power. *Id.* § 36-1-3-4(c). However, regardless of the Home Rule Act, when the legislature enacts a statutory scheme for a specific subject matter, a local unit is required to comply with that scheme. *See Residential Management Systems, Inc. v. Jefferson County Plan Systems, Inc.*, 542 N.E.2d 227 (Ind. Ct. App. 1989) (invalidating a local zoning ordinance that conflicted with a state statute). Because the Indiana legislature has expressly regulated the fees that a public agency may charge

for providing enhanced access services, the Home Rule Act does not permit the Recorder to charge fees that would exceed its statutory authorization.

In conclusion, the Recorder is authorized to charge a reasonable fee for the enhanced access services it provided to LPS. However, the Court cannot conclude on the basis of only the pleadings whether the fees at issue are reasonable. Therefore, the Court cannot conclude that the Agreement's incorporation of Indiana law prohibits such charges or that the Agreement is void as *ultra vires*. Accordingly, LPS' motion for judgment on the pleadings is DENIED.

## IV.  CONCLUSION

For the reasons stated herein, Defendant's Motion for Judgment on the Pleadings [DE 12] is **DENIED**. Further, since the parties' filings sufficiently addressed the issues raised by the pleadings and resolved herein, there is no need to have an oral argument, and therefore, the Court **DENIES** LPS' motion for a hearing [DE 23].

SO ORDERED.

ENTERED: December 4, 2013

                                                        /s/ JON E. DEGUILIO
                                                        Judge
                                                        United States District Court